### OF THE

# STATE OF NEVADA

## JULY TERM, 1912

### (MONTHS OF JULY AND AUGUST)

[No. 1982]

E. A. RICHARDSON, S. C. WEEKS, AND JIM McCOY, RESPONDENTS, *v.* NATIONAL ORE PURCHASING AND REDUCTION COMPANY, APPELLANT, AND RAWHIDE QUEEN MINES COMPANY, RESPONDENT.

1. EVIDENCE—JUDICIAL NOTICE—ORE REDUCTION.
    The courts of Nevada will take judicial knowledge of the fact that processes of crushing, amalgamating, and cyaniding ores will not effect an extraction of one hundred per cent of the metallic contents.

2. MINES AND MINERALS — ORE REDUCTION — ACTION — EVIDENCE — SUFFICIENCY.
    In an action to recover a balance claimed to be due on account of ore treated at defendant's mill, evidence *held* insufficient to sustain judgment for plaintiffs.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *Thomas F. Moran,* Judge.

Action by E. A. Richardson and others against the National Ore Purchasing and Reduction Company and another. From a judgment for plaintiffs, and from an

order denying a new trial, the named defendant appeals.
**Reversed.**

The facts sufficiently appear in the opinion.

*Stoddard, Moore & Woodburn*, and *Mack, Green, Brown & Heer*, for Appellant.

*J. L. Van Dewerker*, for Respondent Rawhide Queen Mines Company.

*Mark Walser*, for Respondents Richardson, Weeks and McCoy:

The Rawhide Queen Mines Company in answering admitted all the allegations of plaintiffs' complaint, save and except that it had refused an accounting, or that it had any values obtained from the ore in its possession which belonged to plaintiffs, and also setting up an affirmative defense that, if there was any further values recovered from the ore than the amount by it accounted for to respondents, it was retained by its codefendant.

The appellant in its answer set up a general denial, and the answers, as made by the two defendants, become very vital in this case, and we call the court's attention to the fact that the appellant accepted plaintiffs' complaint as properly stating the cause of action, and did not demur, as it could have done (Comp. Laws, 3135) if there was a misjoinder of parties plaintiff or defendant, and the contention which it raised at the trial and now asserts in the appellate court (*i. e.*, that the ownership of the ore was actually in its codefendant, the Rawhide Queen Mines Company, and not the plaintiffs) comes too late. It accepted the issue and is bound by its answer.

The respondents in their complaint alleged specifically that they were the owners of the 202½ tons of ore in controversy; that they delivered it to the appellant milling company; that they paid the appellant milling company's charges of $1,215; that the ore was worth $7,474, and they had received as returns $3,165.75 and no more.

All of these facts the codefendant of appellant, the

Rawhide Queen Mines Company, admitted to be true. The appellants denied all of them.   The issues are framed by the pleadings.   The defendant is as much bound by his answer as the plaintiff by his complaint.   (*Banta* v. *Savage*, 12 Nev. 151; *Hirschfeld* v. *Williamson*, 18 Nev. 66.) For a case directly in point, see *Ah Tone* v. *McGarry*, 22 Nev. 310.

This is an action in trover.   The respondents having delivered valuable ores to the mill of appellant, and not having received the proper returns, demanded an accounting, which was refused, and, being unable to ascertain what had become of their values, were of necessity compelled to commence action.

"Where a person is intrusted with goods, it is his duty to return them or account for their loss.   If he fails to do either, the presumption is that he converted them." (*Donlan* v. *Clark*, 23 Nev. 203.)

"The very denial of goods to him who has the right to demand them is actual conversion."   (See subhead "Refusal to Deliver," page 1568, Words and Phrases, and definition of "Conversion," bottom of same page.)

The answers filed by the defendants necessarily narrowed the scope of proof required, and under the issues as framed by the pleadings all that the plaintiffs were required to prove was "that they owned the ore, its value, its delivery, a failure or refusal to account, and a loss."

Appellant by its answer voluntarily placed itself in this position and cannot now escape the consequences.   In effect it said: "Prove that you owned the ore.   Prove that you paid for treating it.   Prove that we had it in our possession.   Prove that it was worth $7,474.   Prove that we have not accounted for all the values, and you win, for our answer is a complete denial and on that we rest."

By the Court, NORCROSS, J.:

This is an appeal from the judgment and order denying a motion for a new trial.

Plaintiffs brought their action to recover the sum of

$4,308.75, the balance alleged to be due on account of the proceeds of certain ore treated in a custom mill belonging to the appellant.   Plaintiffs alleged in their complaint that they were lessees of a portion of certain mining claims belonging to said defendant Rawhide Queen Mines Company, and as such lessees they produced and delivered to the appellant 202½ tons of ore for reduction in appellant's mill; that the appellant agreed with the respondents "that it would extract all the gold and silver values therefrom, using the processes known as crushing, amalgamating, and cyaniding, and charge plaintiffs therefor the sum of $6 per ton for such treatment, and would deliver all the bullion containing the gold and silver values extracted from the said ores to the defendant Rawhide Queen Mines Company, for delivery to the plaintiffs"; that they paid appellant for such treatment the sum of $1,212; that appellant "reduced and treated' such ores, and extracted therefrom a large quantity of gold and silver, but the amount thereof, and the value thereof, plaintiffs were unable to state, for the reason that the said defendants have refused, and do refuse, to give to plaintiffs an accounting, or to render a statement to plaintiffs of the amount of said gold and silver recovered, or the value thereof." Plaintiffs further alleged the value of the ore so delivered to the appellant to be the sum of $7,474, and admitted the receipt from the defendant Rawhide Queen Mines Company, on account of said ore, of the sum of $3,165.75.

Attached to the complaint as an exhibit is the contract of lease between respondents and Rawhide Queen Mines Company, which contains the following provisions relative to the disposal of ores produced: "Said lessees further agree, and it is expressly understood, that the lessors reserve the right of property in and to all ores extracted from said premises during the life of this lease, and said lessees covenant and agree to pay and allow the lessors, as royalty on all ores mined, shipped, or sold from said premises, during the life of this agreement, as follows, to wit: (See below.)   All ores to be shipped and

sold in the name of the aforesaid lessors, and returns made to the Scheeline Banking and Trust Company of Reno, Nevada, and there distributed as herein provided. * * * The royalty heretofore mentioned shall be twenty-five per cent of the smelter, mill, or sampler assay value of the ore sold, after deducting the actual cost of railroad freighting and treatment only."

Upon the conclusion of the trial the defendant Rawhide Queen Mines Company asked for and was granted leave to amend its answer, so as to participate in any judgment rendered in favor of plaintiffs to the extent of its royalty interest. Judgment was rendered in favor of the plaintiffs for the full amount sued for, but providing that the defendant Rawhide Queen Mines Company should participate therein to the extent of one-fourth, being the proportionate amount of the royalty to which it was entitled to under the contract.

The motion for a new trial was based on several grounds; but we think we need only consider the sufficiency of the evidence to support the judgment. The judgment fails to credit the appellant with the agreed charges for extraction, to wit, $6 a ton, amounting to a total of $1,215, paid by the defendant Rawhide Queen Mines Company, or for the twenty-five per cent royalty, amounting to $1,055.25, deducted by the Rawhide Queen Mines Company before settlement with and payment to respondents of the said sum of $3,165.75. Were this the only respect wherein the judgment is objectionable, the same could be modified, and, as modified, affirmed. The judgment requires the appellant to account for the full assay value of the ore delivered to the mill. There is no proof in the case that the appellant agreed to return on its treatment of the ore any certain percentage of extraction, nor is there any evidence in the case that appellant should have returned a higher percentage of extraction than was returned. There is no evidence that the appellant did not deliver to the defendant Rawhide Queen Mines Company all the metallic content it extracted from the ore;

but, on the contrary, the evidence is that it did so make delivery. Courts in this state will take judicial knowledge of the fact that processes of crushing, amalgamating, and cyaniding ores will not effect an extraction of one hundred per cent of the metallic content. What would be a reasonable per cent of extraction would depend largely upon the process used and the character of the ore; but there is nothing in this case to show what ought to have been such extraction.

Conceding the ore was of the assay value claimed by respondents, about seventy-three per cent thereof is accounted for by the returns made. There is testimony to the effect that the cyanide process did not work successfully, and that a portion of the ore was not treated by this process. What allowance, if any, should be made on this account, does not appear from the evidence. We are unable to find from the evidence in this case any basis upon which an approximation of damages sustained may be computed.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.